# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Universal Cooperatives, Inc., *et al.*,[1] | Case No. 14-11187 (MFW) |
| Debtors. | Jointly Administered |
| | Docket Ref. No. 425, 499, 590 & 598 |

### ORDER (I) APPROVING A CERTAIN ASSET PURCHASE AGREEMENT, (II) AUTHORIZING THE SALE OF A CERTAIN PARCEL OF REAL PROPERTY FREE AND CLEAR OF ALL ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF

Upon the *Motion for Entry of (A) an Order (I) Scheduling a Hearing on the Approval of the Sale of a Certain Parcel of Real Property and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and Bid Protections and the Form and Manner of Notice Thereof; and (B) an Order (I) Approving a Certain Asset Purchase Agreement, (II) Authorizing the Sale of a Certain Parcel of Real Property Free and Clear of All Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Motion"), filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and the Debtors and Gloria Real Estate Holdings (the "Prevailing Bidder")[2] having agreed to enter into the Modified APA, a copy of which is hereto annexed as **Exhibit 1**; and due and sufficient notice having been

---

[1] The Debtors and the last four digits of their federal tax identification number are: Universal Cooperatives, Inc. (2405); Heritage Trading Company, LLC (0512); Bridon Cordage LLC (0985); Universal Crop Protection Alliance, LLC (1532); Agrilon International, LLC (7234); and Pavalon, Inc. (1433). The location of the corporate headquarters for Universal Cooperatives, Inc.; Universal Crop Protection Alliance, LLC; Agrilon International, LLC; and Pavalon, Inc. is 1300 Corporate Center Curve, Eagan, MN 55121. The location of the corporate headquarters for Heritage Trading Company, LLC is 11020 NW Ambassador Drive, Kansas City, MO 64153. The location of the corporate headquarters for Bridon Cordage LLC is 909 E. 16th Street, Albert Lea, MN 56007.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:15971793.5

given to all parties-in-interest; and any objections to the relief requested in the Motion having been withdrawn or resolved and to the extent not withdrawn or resolved, are hereby overruled; and it appearing that entry into the Modified APA and sale of the Real Property to the Prevailing Bidder are in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  It is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties-in-interest to grant the relief requested in the Motion and authorize the Debtors to enter into the Modified APA.

B.  To the extent any inconsistency arises as between this Order and the Modified APA, this Order shall control.

C.  The Modified APA was negotiated, proposed and entered into by the Debtors and the Prevailing Bidder in good faith and from arm's length bargaining positions.

D.  The Debtors served notice of the assumption and assignment of the Assumed Contracts on the counterparties to the Assumed Contracts, which notice included (i) the title of each Assumed Contract, (ii) the name of the counterparties to each Assumed Contract; (iii) the amounts, if any, determined by the Debtors to be necessary to be paid upon assumption of the Assumed Contracts (the "Cure Amounts"); and (iv) the deadline by which each counterparty to the Assumed Contracts was required to object to the assumption and assignment of the Assumed Contracts. The service of such notice was good, sufficient and appropriate under the particular circumstances and no other or further notice of the assumption and assignment of the Assumed Contracts or the Cure Amounts is required. Each counterparty to the Assumed Contracts has had an opportunity to object to the assumption by the Debtors and the assignment

01:15971793.5

2

to the Prevailing Bidder of the Assumed Contracts and to the Cure Amounts set forth in the notice.

E. The purchase price (the "Purchase Price") to be paid by the Prevailing Bidder under the Modified APA has been subjected to higher and better offers through an auction process reasonably calculated to attract other potential purchasers. The Purchase Price is fair and reasonable, is the highest or otherwise best offer for the Real Property received through the auction process or otherwise, and constitutes reasonably equivalent value and reasonable market value for the Real Property.

F. The Prevailing Bidder is a buyer in good faith with respect to the Real Property, as that term is used in 11 U.S.C. § 363(m). The Prevailing Bidder meets the standards of "good faith" which were enumerated by the United States Court of Appeals for the Third Circuit in In re Abbotts Dairies of Pa., Inc., 788 F.3d 143 (3d Cir. 1986).

G. As a condition to purchasing the Real Property, the Prevailing Bidder requires that the Real Property be sold free and clear of all liens, claims, interests, or encumbrances thereon and any presently existing liens.

H. All of the requirements of 11 U.S.C. § 363 have been met with respect to the Sale.

**IT IS THEREFOR ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Modified APA, each of its terms and conditions, and each of the transactions contemplated therein are approved in their entirety.

3. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized to perform their obligations under, and comply with, the terms of the Modified APA, and consummate the

01:15971793.5

sale of the Real Property to the Prevailing Bidder pursuant to, and in accordance with, the terms and conditions of the Modified APA.

4. The Debtors are authorized to execute and deliver, and empowered to perform under, consummate and implement, the Modified APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Modified APA, and to take all further actions as may be requested by the Prevailing Bidder for the purpose of assigning, transferring, granting, conveying and conferring to the Prevailing Bidder the Real Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Modified APA.

5. Upon closing of the Sale, the Prevailing Bidder shall pay the Broker the Commission in the amount of two percent (2%) of the Purchase Price and any and all commissions payable to the broker, if any, of the Prevailing Bidder.

6. The good-faith deposit submitted by the Second Highest Bidder, Interstate Companies, Inc. ("Interstate"), shall be returned to Interstate within five (5) business days following closing of the Sale, as provided in paragraph 2(g) of the Bidding Procedures Order, and the Break-Up Fee authorized to be paid to Interstate shall be paid to Interstate no later than five (5) business days following the closing of the Sale; provided, however, that such good-faith deposit shall be returned and such Break-Up Fee shall be paid to Interstate only if the Debtors do not close the Sale with Interstate as the Second Highest Bidder.

7. The Prevailing Bidder understands and agrees that the Debtors are conveying their rights to the Real Property "as is", except as otherwise set forth in the Modified APA, or this Order.

8.      Pursuant to 11 U.S.C. § 363(f), the sale by the Debtors of the Real Property to the Prevailing Bidder is free and clear of all liens, claims, interests, or encumbrances thereon and any presently existing liens, with such liens, claims, interests, or encumbrances and any presently existing liens to attach to the proceeds of the Sale.

9.      Any liens held by Ameritas Life Insurance Company ("Ameritas"), as successor by merger with Union Central Life Insurance Company, on and with respect to the Sale proceeds, shall attach to such Sale proceeds.  Upon agreement of the Debtors (with the consent of the Committee) and Ameritas, the Debtors shall reserve, from the Sale proceeds, the make-whole premium asserted by Ameritas along with a reasonable estimate of Ameritas's attorneys' fees (the "Make-Whole Reserve"), and the amount of the Make-Whole Reserve shall be agreed to by the Debtors, Ameritas, and the Committee, or as otherwise ordered by the Court if those parties are unable to agree on such amount.  Further, the Debtors, Ameritas, and the Committee may consent to a resolution of the ultimate allowed amount, if any (the "Allowed Make-Whole Premium"), of the currently disputed make-whole premium asserted by Ameritas (the "Make-Whole Dispute") and, pursuant to such resolution, the Allowed Make-Whole Premium may be paid from the Make-Whole Reserve in full and final satisfaction of the Make-Whole Dispute without further Court order or hearing; provided, however, that if a resolution cannot be reached, the Make-Whole Dispute will be brought before the Court as soon as practicable and all parties' respective rights shall be fully reserved in connection therewith.  All other portions of Ameritas's claim shall be paid at Closing.

10.     The Debtors are authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Real Property, and the Prevailing Bidder is authorized to file, register or otherwise record a

01:15971793.5

5

certified copy of this Order which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, encumbrances and interest of any kind or nature whatsoever in the Real Property.

11. The Prevailing Bidder is hereby deemed to be a good faith purchaser of the Real Property and is entitled to the protections of 11 U.S.C. § 363(m).

12. Except as expressly provided in the Modified APA or this Order, upon closing of the contemplated Sale, pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, the Debtors are authorized to (a) assume the Assumed Contracts set forth on Exhibit C to the Modified APA (the "Selected Assumed Contracts") and assign such Selected Assumed Contracts to the Prevailing Bidder. The Cure Amounts set forth on Exhibit C to the Modified APA are the sole amounts necessary to be paid upon assumption of the Selected Assumed Contracts under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code, and the payment of the applicable Cure Amounts by the Debtors, as the case may be, shall, subject to the terms of the Modified APA, (a) effect a cure of all defaults existing under the Selected Assumed Contracts as of and including the closing date and (b) compensate the counterparties to the Selected Assumed Contracts for any actual pecuniary loss resulting from all defaults existing under the Selected Assumed Contracts as of and including the closing date. Upon the payment of the Cure Amounts, if any, the Selected Assumed Contracts will remain in full force and effect, and no default shall exist under the Selected Assumed Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default. The Cure Amounts shall not be subject to further dispute or audit, including any based on performance prior to the closing date, irrespective of whether such Selected Assumed Contract contains an audit clause. After the payment of the Cure Amounts by the Prevailing

01:15971793.5

Bidder or the Debtors, as the case may be, neither the Debtors nor the Prevailing Bidder shall have any further liabilities to the counterparties to the Assigned Contracts and Assigned Leases other than the Prevailing Bidder's obligations under the Selected Assumed Contracts that accrue and become due and payable on or after the closing date.

13. Any provisions in any Selected Assumed Contracts that prohibit or condition the assignment of such Selected Assumed Contracts or allow the counterparty to such Selected Assumed Contracts to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Selected Assumed Contracts, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Prevailing Bidder of the Selected Assumed Contracts have been satisfied.

14. Each Selected Assumed Contract constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code. Upon the closing date, in accordance with sections 363 and 365 of the Bankruptcy Code, (a) the Prevailing Bidder shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Selected Assumed Contracts, (b) the Prevailing Bidder shall be deemed to be substituted for the Debtors as a party to the applicable Selected Assumed Contracts, and (c) upon the payment of the Cure Amounts to counterparties to Selected Assumed Contracts pursuant to the terms of this Order and the Modified APA, the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Selected Assumed Contracts.

01:15971793.5

15. The Prevailing Bidder has provided adequate assurance of future performance under the relevant Selected Assumed Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

16. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to the Prevailing Bidder or the Debtors as a result of the assumption and assignment of the Selected Assumed Contracts. The validity of the assumption and assignment of the Selected Assumed Contracts to the Prevailing Bidder shall not be affected by any dispute between any of the Debtors or their affiliates and any counterparty to a Selected Assumed Contract regarding the payment of any amount, including any Cure Amount under the Bankruptcy Code. Upon assignment to the Prevailing Bidder, the Selected Assumed Contracts shall be valid and binding, in full force and effect, and enforceable by the Prevailing Bidder in accordance with their respective terms.

17. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, and subject to the Debtors' obligations under the terms of this Order (including the obligation to pay Cure Amounts due to certain counterparties to Assumed Contracts) which shall be enforceable by counterparties to Selected Assumed Contracts, all counterparties to the Selected Assumed Contracts are hereby forever barred and permanently enjoined from (a) raising or asserting against the Debtors or the Prevailing Bidder any assignment fee, default, acceleration, breach, claim, pecuniary loss, or condition to assignment arising under or related to the Selected Assumed Contracts existing as of and including the closing date or arising by reason of the closing of the Sale, including any breach related to or arising out of change-of-control provisions in such Selected Assumed Contracts, or any purported written or oral modification to the Selected Assumed Contracts and (b) asserting against the Prevailing Bidder (or its property,

01:15971793.5

including the Real Property) any claim, counterclaim, breach, condition or setoff (unless asserted prepetition) asserted or capable of being asserted against the Debtors existing as of the closing date or arising by reason of the closing.

18. The failure of the Debtors or the Prevailing Bidder to enforce at any time one or more terms or conditions of any Selected Assumed Contract shall not be a waiver of such terms or conditions, or of the Prevailing Bidder's rights to enforce every term and condition of the Selected Assumed Contracts.

19. Any party that may have had the right to consent to the assignment of a Selected Assumed Contract is deemed to have consented to such assignment for purposes of section 365(e)(2)(A)(ii) of the Bankruptcy Code and otherwise if such party failed to object to the assumption and assignment of such Selected Assumed Contract.

20. Notwithstanding anything to the contrary in this Order, no Selected Assumed Contract shall be assumed and assigned to the Prevailing Bidder until the Sale closes.

21. The fourteen (14) day stay pursuant to Bankruptcy Rule 6004(h) is waived, and this Order shall be effective immediately.

22. The fourteen (14) day stay pursuant to Bankruptcy Rule 6006(d) is waived, and this Order shall be effective immediately with respect to the Selected Assumed Contracts.

23. The Debtors and the Prevailing Bidder are authorized to take any and all actions as may be necessary or desirable to implement the Modified APA and each of the transactions contemplated thereunder.

01:15971793.5

24. This Court hereby retains jurisdiction over the Prevailing Bidder and the Debtors to enforce the Modified APA.

Dated: Nov. 18, 2014
Wilmington, Delaware

_____
Mary F. Walrath
United States Bankruptcy Judge