IN THE UNITED STATES BANKRUPTCY COURT
DISKTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re:                                           : Chapter 11
:
UNIVERSAL COOPERATIVES, INC., et al.,            : Case No. 14-11187 (MFW)
:
Debtors.[1]                                      : Jointly Administered
:
: Docket Ref. Nos. 1042
---------------------------------------------------------------x

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING VOTING RECORD DATE; (III) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES; (IV) APPROVING FORM OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON JOINT PLAN OF LIQUIDATION; (V) APPROVING FORMS OF NOTICES TO NON-VOTING CLASSES UNDER PLAN; (VI) ESTABLISHING VOTING DEADLINE TO ACCEPT OR REJECT PLAN; (VII) APPROVING PROCEDURES FOR VOTE TABULATIONS; AND (VIII) ESTABLISHING CONFIRMATION HEARING DATE AND NOTICE AND OBJECTION PROCEDURES THEREOF**

Upon the motion, (the "Motion")[2] of Universal Cooperatives, Inc. and its affiliated debtors and debtors in possession in the above-captioned matter (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Creditors' Committee") for entry of an order, pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020, 9013, 9014, and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"): (i) approving the Debtors' Disclosure Statement;

---

[1] The Debtors and the last four digits of their federal tax identification number are: Universal Cooperatives, Inc. (2405); Heritage Trading Company, LLC (0512); Bridon Cordage LLC (0985); Universal Crop Protection Alliance, LLC (1532); Agrilon International, LLC (7234); and Pavalon, Inc. (1433). The location of the corporate headquarters for each of the Debtors is P.O. Box 21327, Eagan, MN 55121.

01:17387119.2

(ii) establishing a voting record date; (iii) approving solicitation packages and distribution procedures; (iv) approving the form of ballots and establishing procedures for voting on the joint plan of liquidation; (v) approving forms of notices to non-voting classes under the plan; (vi) establishing voting deadline to accept or reject the plan; (vii) approving procedures for vote tabulations; and (viii) establishing confirmation hearing date and notice and objection procedures thereof, all as more fully set forth in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.      The Disclosure Statement attached hereto as Exhibit 1 (together with all exhibits, and as it may be further amended, the "Disclosure Statement") contains "adequate information"

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:17387119.2

2

about the Debtors' and Creditors' Committee's joint plan of liquidation (as it may be further amended, the "Plan") within the meaning of section 1125 of the Bankruptcy Code.

B.  Notice of the Disclosure Statement, Motion, Hearing, and deadline for filing objections to the Disclosure Statement was properly provided pursuant to the Disclosure Statement Notice and such notice was due and proper to all interested parties and no further notice is necessary.

C.  The form of the ballot attached hereto as Exhibit 2 is consistent with Official Form No. 14, addresses the particular needs of these Chapter 11 Cases, and is appropriate for each class of claims entitled to vote to accept or reject the Plan. The voting instructions attached to each ballot contain adequate information to instruct all members of the Voting Classes how to vote.

D.  Holders of claims in Class 1 (Priority Non-Tax Claims), Class 2 (Secured Tax Claims), and Class 3 (Other Secured Claims), and holders of interests in Class 5 (Equity Interests in Debtors) (collectively, the "Non-Voting Classes"), are conclusively presumed to accept or deemed to reject the Plan, as the case may be. Accordingly, holders of claims and interests in the Non-Voting Classes are not entitled to vote or receive a Ballot.

E.  The period, as set forth below, during which the Debtors and the Creditors' Committee may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision regarding whether to accept or reject the Plan.

F.  The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

G. The notice procedures set forth below comply with Bankruptcy Rules 2002 and 3017(d), and provide due, proper, and adequate notice of approval of the Disclosure Statement, Confirmation Hearing, and procedures for filing objections or responses to the Plan.

H. The proposed timeline for the Confirmation Hearing complies with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules and will enable the Debtors and the Creditors' Committee to pursue confirmation of the Plan in a timely fashion.

I. The Debtors, in consultation with the Creditors' Committee, have the right to seek modifications or extensions of the matters governed by this Order.

J. The relief requested in the Motion is in the best interests of the Debtors, their estates, and all parties in interest.

K. The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

**NOW, THEREFOR, IT IS ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Any and all objections to the Motion not otherwise settled or withdrawn are hereby overruled.

3. The Disclosure Statement, as revised, is approved.

4. The form of Ballot, as revised, is approved.

5. For the purpose of determining creditors entitled to vote on the Plan, the record date for purposes of voting shall be the first day of the Disclosure Statement Hearing (the "Voting Record Date") with respect to holders of claims in Class 4A (General Unsecured Claims against Universal), Class 4B (General Unsecured Claims against Bridon), Class 4C (General Unsecured Claims against Heritage), Class 4D (General Unsecured Claims against UCPA), Class

01:17387119.2

4E (General Unsecured Claims against Agrilon), and Class 4F (General Unsecured Claims against Pavalon) (collectively, the "Voting Classes").

6.  The Voting Record Date shall be the date fixed for determining which creditors and equity interest holders in the Non-Voting Classes are entitled to receive an appropriate Notice of Non-Voting Status.

7.  The Debtors shall complete the mailing of Solicitation Packages by no later than the date that is five (5) business days following entry of this Order (the "Solicitation Date").

8.  Solicitation Packages distributed to creditors in the Voting Classes shall contain a copy of (i) this Order (excluding exhibits attached hereto); (ii) the appropriate form of Ballot to accept or reject the Plan with instructions and a return envelope; (iii) the Disclosure Statement and Plan; (iv) the Confirmation Hearing Notice; (v) the Committee Support Letter; and (vi) such other material as the Court may direct. Notwithstanding anything to the contrary contained in this Order, any creditor who has filed or purchased duplicate claims (as determined on the face of such claims or after a reasonable review of the supporting documentation by the Voting Agent) within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate claims.

9.  Solicitation Packages distributed to holders of claims and interests in Non-Voting Classes shall contain a copy of (i) the Confirmation Hearing Notice and (ii) the appropriate Notice of Non-Voting Status.

10. With respect to any transferred Claim, if the transferor of such Claim is entitled to vote to accept or reject the Plan, the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if all actions

01:17387119.2

necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date.

11. By the Solicitation Date, the Debtors shall distribute, or cause to be distributed, this Order (excluding exhibits attached hereto), the Confirmation Hearing Notice, Disclosure Statement and Plan, and any other materials as the Court may direct to the following: (i) the U.S. Trustee; (ii) counsel for the Creditors' Committee; (iii) the 2002 List; (iv) all persons or entities who are counterparties to executory contracts or unexpired leases with the Debtors that have not been previously assumed or rejected; (v) all governmental entities with an interest in these Chapter 11 Cases; and (vi) all persons or entities that have filed an administrative expense claim.

12. The Debtors are not required to distribute copies of the Plan, Disclosure Statement, this Order, or the Committee Support Letter to holders of claims and interests in the Non-Voting Classes, unless such holders are governmental entities or make a specific written request for copies of such documents to the Debtors' voting agent, Prime Clerk LLC (the "<u>Voting Agent</u>") at Universal Cooperatives, Inc. Ballot Processing, c/o Prime Clerk, LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022, or by email at ucoopballots@primeclerk.com.

13. The Debtors are authorized (but not required) to distribute the Plan, Disclosure Statement, and this Order in CD-ROM format. The Ballots, Confirmation Hearing Notice, Notices of Non-Voting Status, and Committee Support Letter shall be provided only in paper format. The Debtors shall also make the Plan, Disclosure Statement, and Confirmation Hearing Notice available in electronic format on-line at http://cases.primeclerk.com/ucoop.

14. The Debtors shall not be required to send Solicitation Packages to creditors holding claims that have already been paid in full; *provided, however*, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other

01:17387119.2

than by virtue of such claim having been paid by the Debtors, then such creditor shall be sent a Solicitation Package in accordance with the procedures set forth above.

15. The Debtors shall be excused from mailing Solicitation Packages and any other materials related to voting or confirmation of the Plan to those entities to which certain notices mailed during the course of these Chapter 11 Cases have been returned as undeliverable by the United States Postal Service, unless and until the Debtors are provided with accurate addresses for such entities before the Solicitation Date. The Debtors' failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities (a) shall not constitute inadequate notice of the Confirmation Hearing or Voting Deadline and (b) shall not constitute a violation of Bankruptcy Rule 3017(d).

16. Except as otherwise provided herein, the Debtors and the Creditors' Committee shall not be required to distribute copies of the Plan or Disclosure Statement to any party not entitled to vote on the Plan pursuant to this Order, unless such party files a motion for temporary allowance of a claim under Bankruptcy Rule 3018.

17. The Debtors, in consultation with the Creditors' Committee, are authorized to make non-substantive modifications to the Disclosure Statement, Disclosure Statement Hearing Notice, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, and related documents without further order of the Court, including modifications to correct typographical and grammatical errors, if any, and to make conforming modifications to the Disclosure Statement, Plan, and any other materials in the Solicitation Packages before distribution.

18. The Notice of Unimpaired Non-Voting Status is approved and shall be distributed to all known holders of claims in the Unimpaired Non-Voting Classes.

01:17387119.2

19. The Notice of Impaired Non-Voting Status is approved and shall be distributed to all known holders of interests in the Impaired Non-Voting Classes.

20. To be counted as a vote to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered either by mail with the enclosed envelope or by mail, hand delivery or overnight courier to Universal Cooperatives, Inc. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, New York 10022, in each case so as to be actually received by no later than **4:00 p.m. (ET) on August 27, 2015** (the "Voting Deadline").

21. Solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance of, or distribution on account of, any claim, and without prejudice to the rights of the Debtors or the Creditors' Committee in any other context, each claim within a class of claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such claim as set forth in the Schedules, provided that:

   (a) If a claim is allowed under the Plan or by order of the Court, such claim is allowed for voting purposes in the allowed amount set forth in the Plan or the order;

   (b) If a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), and such claim has not been allowed, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution and accorded one vote and valued at an amount equal to one dollar ($1.00), unless such claim is disputed as set forth in paragraph (g) below;

   (c) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

   (d) If a proof of claim was timely filed in an amount that is liquidated and matured, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (g) below;

(e) If a claim is listed in the Schedules as contingent, unliquidated, or disputed or for $0.00 and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claims established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f) If a claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, matured, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g) If the Debtors have served an objection or request for estimation as to a claim at least fourteen (14) calendar days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection;

(h) Claims filed for $0.00 are not entitled to vote;

(i) A claim to which an objection has been filed and such objection remains unresolved within fourteen (14) days of the Voting Deadline is not entitled to vote unless and until the Bankruptcy Court rules on the objection and allows the Claim; and

(j) If a proof of claim has been amended by a later-filed proof of claim, the earlier-filed claim will not be entitled to vote, regardless of whether the Debtors have objected to such earlier-filed claim.

22. The following procedures shall apply for tabulating votes: (i) any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall be deemed a vote to accept the Plan; (ii) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last validly executed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots; (iii) creditors must vote all of their claims within a particular class to either accept or reject the Plan, and may not split their votes within a particular class and thus a Ballot (or

01:17387119.2

group of Ballots) within a particular class that partially accepts and partially rejects the Plan shall not be counted; and (iv) except as otherwise provided in the Motion, for purposes of determining whether numerosity and amount requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtors will tabulate only those Ballots received by the Voting Deadline.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtor in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

23. The Debtors are authorized to accept Ballots via electronic, online transmission through a customized "E-Ballot" section on the Debtors' case website (https://cases.primeclerk.com/ucoop). Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot solely by utilizing Prime Clerk's E-Ballot platform. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  Creditors who cast an electronic Ballot shall not also submit a paper Ballot. If a creditor casts both an electronic Ballot and a paper Ballot with respect to the same claim, the paper Ballot shall not be counted.

24. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors, in consultation with the Creditors' Committee, grant an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the voter; (iii) any Ballot cast by a person or entity that does not hold a claim or interest in a class that is entitled to vote to accept

01:17387119.2

or reject the Plan; (iv) any unsigned Ballot; and (v) any Ballot transmitted to the Voting Agent by facsimile or other electronic means (except as otherwise noted). The Debtors, in consultation with the Creditors' Committee, may allow any claimant who submits a properly completed Ballot to supersede or withdraw such Ballot on or before the Voting Deadline. In the event the Debtors, in consultation with the Creditors' Committee, do permit such supersession or withdrawal, the claimant, for cause, may change or withdraw its acceptance or rejection of the Plan in accordance with Bankruptcy Rule 3018(a). Notwithstanding anything contained in this Order to the contrary, the Voting Agent, in its discretion, may, but is not required to, contact voters to cure any defects in the Ballots and is authorized to so cure any defects. Subject to any contrary order of the Court and except as otherwise set forth in this Order, the Debtors, in consultation with the Creditors' Committee, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent. Any ballot received that lacks an appropriate signature shall not be counted, and this defect cannot be waived.

25. If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such creditor shall serve on the Debtors and the Creditors' Committee, and file with the Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the seventh (7th) calendar day before the Voting Deadline. In accordance with Bankruptcy Rule 3018, as to any creditor filing such a motion, such creditor's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

01:17387119.2

26. The hearing on Confirmation of the Plan (the "Confirmation Hearing") shall be held at **10:30 a.m. (ET) on September 3, 2015**; *provided, however,* that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors (in consultation with the Creditors' Committee) without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

27. The notice of (i) the time fixed for filing objections to confirmation of the Plan and (ii) the time, date, and place of the Confirmation Hearing, substantially in the form annexed hereto as Exhibit 5, (the "Confirmation Hearing Notice") is approved.

28. The Committee Support Letter, substantially in the form attached hereto as Exhibit 6, is approved.

29. The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) within seven (7) business days of the Solicitation Date in the *Minneapolis Star Tribune*. Such publication of the Confirmation Hearing Notice shall constitute sufficient notice to persons who do not otherwise receive the Confirmation Hearing Notice by mail.

30. Objections or responses to confirmation of the Plan, if any, shall (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Plan, and (iv) be filed, together with proof of service, with the Court and served so as to be actually received by: (a) counsel for the Debtors, (i) Foley & Lardner LLP, 321 North Clark Street, Suite 2800, Chicago, IL 60654-5313, Attn: Mark L. Prager, Michael J. Small, and Emil P. Khatchatourian and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady,

01:17387119.2

12

Andrew L. Magaziner, and Travis G. Buchanan; (b) counsel for the Creditors' Committee, (i) Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, NJ 07068, Attn: Sharon Levine, Phillip Gross and (ii) Venable LLP, 1201 Market Street, Suite 1400, Wilmington, Delaware 19080, Attn: Jamie Edmonson, Esq. and Daniel A. O'Brien, Esq.; and (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Benjamin Hackman, so as to be actually received no later than **4:00 p.m. (ET) on August 27, 2015**.

31. Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

32. The Debtors and the Creditors' Committee are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

33. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order; <u>provided</u>, <u>however</u>, this provision shall not be construed to expand the Court's subject matter jurisdiction beyond that which is established pursuant to the laws of the United States, and any Creditor's right to contest the Court's jurisdiction to hear any matter post-confirmation shall be preserved.

Dated: July 20, 2015
Wilmington, Delaware

_____
Mary F. Walrath
United States Bankruptcy Judge

01:17387119.2